UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ALABAMA

| | | |
|---|---|---|
| MONJASA DMCC | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No:  13-15 |
| | ) | |
| M/V GOOD PROVIDENCE, | ) | In Admiralty // Rule 9(h), FRCP |
| her tackle, engines, etc. *in rem*, | ) | |
| | ) | |
| Defendant. | ) | |

## VERIFIED COMPLAINT

Plaintiff, MONJASA DMCC ("Plaintiff"), by its attorneys Burr & Forman LLP, complaining of the above-named defendant, alleges:

1. This is a case of admiralty and maritime jurisdiction under 28 U.S.C. § 1333, as hereinafter more fully appears, and is an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

2. At all material times, Plaintiff was and now is a corporation organized under the laws of the United Arab Emirates, offices at Jumeirah Lake Tower, AG Tower, Office No 35 JKL. Plaintiff is part of the Monjasa Group (Monjasa A/S) which is headquartered in Denmark.

3. Defendant M/V GOOD PROVIDENCE (the "Vessel") was and is an ocean going cargo vessel (IMO No. 9323637), owned by Goodearth Maritime Ltd. On information and belief, Goodearth Maritime Ltd. is a company organized and existing under the laws of a foreign country.  (See Exhibit "A," Equasis Vessel Summary.)

## VENUE AND JURISDICTION

4. The Court has *in rem* jurisdiction over the Vessel because it is currently within this jurisdiction or is expected to be in this District during the pendency of this action.

5. The Court has subject matter over this action pursuant to 28 U.S.C. § 1333.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b).

## THE FACTS

7. Plaintiff is an international supplier of fuel oil to ships and other vessels.

8. On or about December 1, 2012, Plaintiff sold and delivered to the Vessel 300 metric tons of IFO-180cst RMG380 3.5% bunker fuel (the "Fuel") (See Ex. "B").  The transaction was subject to Monjasa's General Terms and Conditions, attached as Exhibit "C."

9. The purchase price for the Fuel was $202,049.76. (See Ex. "D")  Payment was due on December 31, 2012.  (See Ex. "E").

10. As of the date of filing this Complaint, no part of the outstanding amount due under the Invoice has been paid although duly demanded.

11. The non-payment for the Fuel constitutes a breach of the terms by which Plaintiff furnished the Fuel to the Vessel.

12. Plaintiff's Invoice provides that interest will accrue on all unpaid balances at the rate of 2% per month, with interest calculated for each overdue day.  (See Exhibits "C" and "D"). The total interest due as of January 15, 2013 is $2,020.50. (See Exhibit "E")

13. By virtue of Plaintiff's furnishing of "necessaries" to the Vessel within the meaning of the Federal Maritime Lien Act, 46 U.S.C. § 31342 et seq., Plaintiff has a maritime lien against the Vessel for the full amount of its claim.

14.     Under the Federal Maritime Law and Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims, Plaintiff is entitled to arrest the Vessel to enforce its maritime lien.

**WHEREFORE**, Plaintiff prays:

A.  That Plaintiff have judgment hereon in the amount of **$204,070.26**, representing the total principal owed and the accrued interest through January 15, 2013, together with interest to the date of judgment, attorneys' fees and costs; and

B.  That process *in rem* pursuant to Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims be issued against Defendant M/V GOOD PROVIDENCE, her engines, boilers, tackle, etc., placing the Vessel under the arrest, custody and control of the Marshal of this District;

C.  That the Defendant M/V GOOD PROVIDENCE, her engines, tackle, apparel, furniture and equipment and all other appurtenances and additions, improvements, and replacements belonging thereto, be condemned and sold to pay the demands and claims aforesaid with interest, attorneys' fees and costs, and *custodia legis* costs due Plaintiff as alleged herein;

D.  That Plaintiff may have such other, further and different relief as the Court deems just and proper.

Dated:  Mobile, Alabama
        January 15, 2013

Respectfully submitted,

*s/John P. Kavanagh, Jr.*
JOHN P. KAVANAGH, JR.  (KAVAJ1011)
jkavanaugh@burr.com
KASEE SPARKS HEISTERHAGEN (SPARK7253)
kasee.sparks@burr.com
Burr & Forman LLP
11 North Water Street
Suite 22200
Mobile, AL  36602
Tel:  (251) 345-8246
Fax:  (251) 706-2408

Of counsel,

Richard V. Singleton II
Jeremy A. Herschaft
Blank Rome LLP
The Chrysler Building
405 Lexington Ave.
New York, NY  10174-0208
(212) 885-5000
rsingleton@blankrome.com

*Attorneys for Plaintiff*

**INSTRUCTIONS TO U.S. MARSHAL FOR SERVICE OF WRIT OF ARREST:**

Vessel is berthed at the Chipco, Inc. facility on Blakely Island.

Facility Address:
581 Cochrane Causeway
Mobile, Alabama
Phone:  (251) 438-5217

# **VERIFICATION**

STATE OF ALABAMA

COUNTY OF MOBILE

Personally before me, the undersigned authority came and appeared John P. Kavanagh, Jr., who first being duly sworn, did depose and say as follows:

1. That he is a partner of the firm Burr & Forman LLP, attorneys of record for Plaintiff herein; that he has read the foregoing complaint and knows the contents thereof;

2. That the same are true and correct except as allegations made on information and belief, and those he verily believes to be true;

3. That the source of his information and the grounds of his belief are documents and information supplied to him by Plaintiff, and that the reason this Affidavit is made by him and not by Plaintiff is that the Plaintiff is a foreign corporation, none of whose offices are present within the Southern District of Alabama.

_____
JOHN P. KAVANAGH, JR.

SWORN TO and subscribed before me
on this the 15th day of January, 2013.

_____
Notary Public
My commission expires: 07-23-16

NOTARY PUBLIC STATE OF ALABAMA AT LARGE
MY COMMISSION EXPIRES: July 23, 2016
BONDED THRU NOTARY PUBLIC UNDERWRITERS